**SCHLANGER LAW GROUP LLP**

March 5, 2024

**VIA ECF**

Hon. Paul A. Engelmayer
U.S. District Court - S.D.N.Y.
40 Foley Square
New York, NY 10007

      **Re:**      *Lojewski et al. v. Group Solar USA, LLC et al.*
      **Civil Action No.:**      1:22-cv-10816-PAE

Your Honor:

      I write on behalf of Plaintiffs Rafal Lojewski, Manuel Acevedo, Isamar Delacruz, and Defendant Salal Credit Union, *i.e.* all appearing, non-arbitrating parties in the above-referenced action ("the Parties").

      Pursuant to the Court's instructions at the initial conference held in this matter on February 22, 2024 and the Court's Order dated February 23, 2024 (ECF 86), the Parties write to inform the Court that it is their shared view that under the applicable case law a default judgment against the non-appearing parties, Group Solar, LLC and Daniel Yomtobian Corp d/b/a Solar Program, may not properly be taken at this time. See, *Knowles-Carter v. Feyonce, Inc.*, No. 16-cv-2532 (AJN), 2017 WL 11567528, 2017 U.S. Dist. LEXIS 233031, at *15 (S.D.N.Y. Sep. 23, 2017) (analyzing *Frow v. De La Vega*, 82 U.S. 552 (1872) and progeny, and holding that a "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants"); *Falls Lake Nat'l Ins. Co. v. Nexus Builders Corp.*, No. 21-CV-1403 (RA), 2022 WL 992714, 2022 U.S. Dist. LEXIS 63528, at *13 (S.D.N.Y. Mar. 31, 2022) (citing *Knowles-Carter* and declining to enter a default judgment "rather than merely a certificate of default") ; *SEC v. Biller*, 654 F. Supp. 3d 212, 215 (E.D.N.Y. 2023) (declining to grant a default judgment where the claims against the defaulting and non-defaulting defendants were "inextricably intertwined" and "[g]ranting these default judgment motions thus could lead to a situation where — in the very same case — we have one set of facts established against the defaulting defendants, and a contrary set of facts established against the non-defaulting defendants.").

      Consistent with *Falls Lake Ins. Co.*, the parties believe that certificate of default would be proper under the circumstances present here but that issuance of a judgment against the defaulting parties must await adjudication of the dispute between Plaintiffs and Group Solar LLC's assignee, Salal Credit Union.

      Respectfully,

      */s/Daniel A. Schlanger*

      Daniel A. Schlanger

cc: all counsel of record

**New York City:**
80 Broad Street, Suite 3103
New York, NY 10004

**Harrison (Westchester), NY:**
600 Mamaroneck Ave., Suite 400
Harrison, NY 10528

**Rochester, NY:**
45 Exchange Blvd., Suite 600
Rochester, NY 14614

**T.** 212.500.6114
**F.** 646.612.7996
**E.** dschlanger@consumerprotection.net

*Please use our Westchester address for all hard copy correspondence.*