UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFAL LOJEWSKI *et al.*,

                              Plaintiffs,

-v-

GROUP SOLAR USA, LLC, and SALAL CREDIT UNION *et al.*,

                              Defendants.

22 Civ. 10816 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Rafal Lojewski brings this action individually and on behalf of other similarly-situated individuals against defendants Group Solar USA, LLC ("Group Solar") and Salal Credit Union ("Salal") *et al.* for deceptive business practices. *See* Dkt. 36 ("Amended Complaint" or "AC"). In short, Lojewski alleges he and other New York consumers were promised but never received "welcome checks" in exchange for the purchase and installation of solar panels for their homes. *Id.* The parties have engaged in preliminary discovery in anticipation of motions for class certification and for summary judgment. *See* Dkt. 90. Before the Court is plaintiffs' motion to compel defendant Salal Credit Union ("Salal") to produce internal business records, filed on September 30, 2024. Dkt. 94. On October 3, 2024, Salal opposed the motion. Dkt. 96.

Specifically, the parties dispute whether Salal should be required to produce three categories of internal records: (1) the unredacted identities of 190 customers whose contracts were assigned to Salal by Group Solar; (2) all communications between Salal and Group Solar;

1

(3) all customer complaints and account notes for the 160 Group Solar accounts managed by Salal.[1] For the reasons that follow, the Court grants Lojewski's motion in its entirety.

District courts are vested with "wide discretion in . . . [the] handling of pre-trial discovery." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking discovery bears the burden of demonstrating its relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Once relevance has been shown, it is up to the responding party to justify curtailing discovery—for instance, on the basis of undue burden. *Id.*

The Court addresses each category of disputed materials in turn.

***Customer identities***: Lojewski seeks to compel production of the names of 190 individual Group Solar customers whose accounts were assigned to Salal. Dkt. 94 at 1–2. According to Lojewski, plaintiffs obtained, by way of a third-party subpoena to Citibank, copies of several thousand "welcome checks" disbursed by Group Solar to its customers. But plaintiffs maintain that they are unable to determine *which* of those several thousand checks belong to the 190 putative class members and in what amounts each class member was paid. Although Salal agreed to produce its customer records in anonymized form, Dkt. 96 at 2, Lojewski claims that

---

[1] Plaintiffs explain the differing numerical tabulations as to customers and class members this way: "There are 160 RICs [retail installment contracts] for the 190 potential class members because 30 of the RICs include joint accountholders." Dkt. 94 at 2 n.1.

non-anonymized records are necessary in order to "cross reference the names and welcome check amounts provided by Citibank . . . with the names of the Group Solar customers whose contracts were assigned to Salal in order to determine who is in the class." *Id.*

Pre-certification disclosure of contact information is appropriate where the plaintiff establishes a "good faith need" for the information "for the purpose of establishing the propriety of conditional certification." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 9 Civ. 1148, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010); *Martinez v. JVA Indus. Inc.*, No. 20 Civ. 7977, 2021 WL 3539975, at *2 (S.D.N.Y. Aug. 11, 2021) ("[T]he weight of authority in this district counsels in favor of allowing pre-certification disclosure of contact information.") (quoting *Whitehorn*, 2010 WL 2362981, at *2). *But see Dziennik v. Sealift, Inc.*, No. 5 Civ. 4659, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006) (denying pre-certification disclosure of contact information where movant failed to demonstrate relevance of the material sought).

Here, plaintiffs have made the necessary showing. Pre-certification discovery of customer contact information will either "enable plaintiffs to make a fuller showing at the conditional certification stage" or reveal that the "action is not suitable for certification." *Whitehorn*, 2021 WL 3539975, at *2. Salal's argument that plaintiffs have failed to establish a legitimate need for the pre-certification discovery is not persuasive. Salal protests that plaintiffs have "already defined the class sufficiently" insofar as "the fact that similarly individuals exist is clear from the redacted contracts, which show that at least 160 individuals contracted with Group Solar on substantially similar—if not identical—terms." Dkt. 96 at 2. But plaintiffs seek the material not just to cross-reference the names of Group Solar customers assigned to Salal, but to identify the welcome check amounts provided to each putative class member. This material may bear not only on the numerosity requirement for class certification, but also on the requirements

3

of commonality, typicality, and adequacy. *See In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 32 (2d Cir. 2006) (under Federal Rule of Civil Procedure 23, plaintiffs bear the burden of "determining the existence of the four prerequisites for every class action: numerosity, commonality, typicality, and adequacy of representation"). Courts have commonly found that the information plaintiffs seek to compel here are germane to these requirements. *See, e.g., Youngblood v. Fam. Dollar Stores, Inc.*, No. 9 Civ. 3176, 2011 WL 1742109, at *2 (S.D.N.Y. Jan. 5, 2011) ("[N]ames and addresses of putative class members may be relevant to issues that arise under Rule 23") (citation omitted); *Khalilpour v. CELLCO P'ship*, No. 9 Civ. 2712, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) ("With the names, addresses and telephone numbers of the putative class members, Plaintiff can contact these individuals to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants.").

Citing two contrary decisions within this Circuit, Salal registers concern that "plaintiffs' attorneys may seek such information to reel in new clients rather than to establish the appropriateness of class certification." Dkt. 96 at 2 (citing *Dziennik*, 2006 WL 1455464, at *2; *Allard v. Post Rd. Ent.*, No. 11 Civ. 901, 2012 WL 951917, at *1 (D. Conn. Mar. 20, 2012)). But in this case, as in *Youngblood* and *Whitehorn*, there is "no indication" that plaintiffs have "anything but a good faith need for employee contact information for the purpose of establishing the priority of class certification." *Youngblood*, 2011 WL 1742109, at *2; *see also Whitehorn*, 2021 WL 3539975, at *2 n.2. The Court is persuaded that the requested records are relevant and discoverable at the pre-certification stage. However, in the interest of safeguarding consumer privacy, the Court directs that the materials be reviewed on an attorneys'-eyes-only basis, and that they be used solely in connection with this pending litigation.

4

*__Communications between Group Solar and Salal__*: Lojewski seeks records of all communications between Group Solar and Salal. On September 12, 2024, Salal agreed to produce the requested communications. *See* Dkt. 94 at 2–3. In its opposition letter, however, Salal states that although it "does not dispute the discovery of this information on legal grounds," it claims that it "cannot produce such documents because it has no such communications in its possession." Dkt. 96 at 2. That representation is too summary to be credited. The Court orders that Salal urgently and in good faith undertake every reasonable effort to access the requested material. The Court directs Salal to file a sworn affidavit of a knowledgeable person by Tuesday, November 19, 2024, that sets out in detail its entire efforts to access the requested materials, and to the extent that the requested materials once were within its possession, custody, or control, explains why these are no longer accessible. The Court reminds Salal's counsel that spoliation or failure to otherwise comply with discovery demands can expose it to a range of sanctions, including but not limited to an adverse inference instruction. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *see also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 437 (S.D.N.Y. 2004) (considering "the full panoply of available sanctions," and imposing an adverse inference instruction, for spoliation of evidence).

*__Customer Complaints and Account Notes__*: Lojewski seeks to compel production of (1) all customer complaints submitted on behalf of Group Solar customers assigned to Salal; (2) all account notes for those customers; and (3) all complaints against Group Solar related to unreceived welcome checks—not limited to the 160 Group Solar customers assigned to Salal—which are sought "to ensure that all prospective class members are identified." Dkt. 94 at 3. Each category of requested material is relevant and discoverable. And Salal does not dispute the request on the merits. Instead, as above, Salal claims that it "is not in possession of any relevant

5

complaint records"—yet it has produced "one complaint record" in its ownership. Dkt. 96 at 2–3. Salal's denial of possession of such materials save for a single complaint is again too summary to be credited—not to mention improbable. The Court directs Salal to address these materials in its sworn affidavit due Tuesday, November 19, 2024, including detailing the steps it has taken to access these materials and explaining why materials once in its possession, custody, and control, are no longer accessible.

## CONCLUSION

For the reasons discussed above, the Court grants Lojewski's motion to compel in its entirety and orders Salal file an affidavit on the docket of this case, addressing the issues covered herein, by Tuesday, November 19, 2024. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 94.

SO ORDERED.

                                                                                          PAUL A. ENGELMAYER
                                                                                          United States District Judge

Dated: November 14, 2024
           New York, New York