UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAL LOJEWSKI, SMITH GARCIA, DANIELLE GARCIA, MANUEL ACEVEDO, and ISAMAR DELACRUZ, *on behalf of themselves and all others similarly situated*,<br><br>                                            Plaintiffs,<br><br>                      -v-<br><br>GROUP SOLAR USA, LLC, SOLAR MOSAIC, INC., SALAL CREDIT UNION, and DANIEL YOMOTOBIAN CORP. D/B/A SOLAR PROGRAM,<br><br>                                            Defendants. | 22 Civ. 10816<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiffs' unopposed motion for preliminary approval of the proposed class settlement, *see* Dkt. 128, which is generally in good order, and the Court is inclined to grant that motion. However, before acting on the motion, the Court seeks clarification on two factual points:

1. The proposed settlement does not provide for the submission of claims by members of the settlement class. Instead, it appears to presuppose that the number of Welcome Checks that were owed to each class member but went unpaid is an established fact, enabling the Settlement Administrator to calculate the payment due to each class member without input from the class member. Per Mr. Schlanger's declaration, the Court understands that the Settlement Administrator intends to make such calculations based on records, obtained through paper discovery, of each class member's retail installment contract and the Welcome Checks issued by Group Solar from its checking account. *See* Dkt. 129 ¶ 47. Is there additional information that the Settlement Administrator will

require in order to tabulate the number of Welcome Checks attributable to each class member? How and at what point will each class member become aware of the number of unpaid Welcome Checks on which his or her payment will be tabulated? And, in the event the class member disputes that tabulation, what means are available to challenge that tabulation?

2. The proposed settlement states that the deadlines for Settlement Class Members to file an objection or opt out shall be sixty (60) days after the date the Notice must be delivered to the Settlement Class Members. Dkt. 128–1, at 2. However, the proposed preliminary approval order states that the last day for Settlement Class Members to file an objection or opt out is ninety (90) days after the entry of the preliminary approval order. Dkt. 128–2, at 12. Please clarify the deadline for Settlement Class Members to file an objection to the settlement or opt out of it.

The Court asks counsel to promptly file a letter responding to these questions. Upon review of that letter, the Court will determine whether further inquiry is needed and whether any modification need be made to the proposed settlement before preliminary approval is granted.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 4, 2025
       New York, New York