UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAL LOJEWSKI, SMITH GARCIA, DANIELLE GARCIA, MANUEL ACEVEDO, and ISAMAR DELACRUZ, *on behalf of themselves and all others similarly situated*, <br><br> *Plaintiff,* <br><br> v. <br><br> GROUP SOLAR USA, LLC, SOLAR MOSAIC, INC., SALAL CREDIT UNION, and DANIEL YOMTOBIAN CORP D/B/A SOLAR PROGRAM, <br><br> *Defendants.* | Civil Action No.: 1:22-cv-10816-PAE |

## PRELIMINARY APPROVAL ORDER

**WHEREAS**, Plaintiff Rafal Lojewski ("Plaintiff") and Defendant Salal Credit Union (together the "Parties"), have reached a proposed settlement of this Litigation, which is set forth in the Settlement Agreement filed with the Court on August 29, 2025; and

**WHEREAS**, Plaintiff has applied to the Court for preliminary approval of the proposed settlement, the terms and conditions of which are set forth in the Settlement Agreement, and for preliminary certification of a Settlement Class; and

**WHEREAS**, Defendant joins in the request for preliminary approval of the settlement and preliminary certification of a Settlement Class; and

**WHEREAS**, the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

1

**WHEREAS**, it appears to the Court upon preliminary examination that adequate investigation and research has been conducted such that the counsel for the Parties at this time are able to reasonably evaluate their respective positions.

**WHEREAS**, it appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of this Litigation.

**WHEREAS**, it appears to the Court upon the preliminary examination that the proposed settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Class of the proposed settlement to finally determine whether the proposed Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Litigation.

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1.      The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      Preliminary approval of the proposed settlement is granted and the Parties are ordered to direct notice of the proposed settlement to the Class, in the manner set forth below.

3.      Pursuant to the standards for settlement approval set forth in Rule 23(e), the Court finds that it likely will be able to approve the settlement under Rule 23(e)(2)-(5) because it appears the Class Representative and Class Counsel have adequately represented the Class and negotiated the settlement at arm's length; it appears the settlement provides adequate relief for the Class, taking into account the costs, risks, and delay of trial and appeal; the proposed method of distributing relief to the Class is effective; it appears the terms related to the award of attorneys' fees are reasonable; it appears Class Counsel have identified all required agreements related to the

settlement; it appears the settlement treats all Class Members equitably relative to each other; and the settlement provides Class Members with an opportunity to object. Fed. R. Civ. P. 23(e)(2)-(3), (5). In addition, the Court finds that it appears the *Grinnell* factors also support preliminary approval of the settlement and issuing notice to the Class, including the complexity, expense and likely duration of the Litigation; the amount of discovery completed at this stage of the Litigation; the risks of establishing liability and damages; the risk of certifying and maintaining a certified class through trial; the reasonableness of the settlement fund compared to the best possible recovery; and the reasonableness of the settlement fund, taking into account all the risks of continued litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

4.      The Settlement Agreement was entered into by experienced counsel after substantial adversarial proceedings, including significant discovery and motions, and only after extensive arm's-length negotiations, including a full-day mediation and follow-up session mediation conducted by an experienced mediator, and free of any apparent collusion.

5.      For purposes of the settlement only and subject to the Settlement Agreement, the Court finds that it will likely be able to certify the Class for purposes of judgment on the settlement proposal because it appears the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure have been preliminarily satisfied, and conditionally certifies the following class (the "Class"):

> All persons who, (a) with regard to a residential property in the State of New York, (b) was provided by Group Solar with a solar panel installation and financing proposal referencing delivery of Welcome Checks, (c) who accepted the proposal; (d) and entered into a Retail Installment Contract with Group Solar that was assigned to Salal Credit Union and (e) who, as of December 15, 2022, have received Welcome Checks in an amount less than the total sum of 12 months' of payments owed to Defendant pursuant to their respective Retail Installment Contract.

6.    The persons potentially comprising the Class and to whom Notice is to be mailed are identified in the Notice Database, as defined in the Settlement Agreement, which list will be maintained as indicated in the Settlement Agreement.

7.    For purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class satisfies the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b)(3), and the Court, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies the Settlement Class.

8.    The Court finds, for purposes of settlement only, that the following requirements are met: (a) the above-described Class Members are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiff's claims are typical of Class Members' claims; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced Class Counsel; (e) the questions of law and fact common to the Class Members predominate over any affecting any individual Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action.

9.    Accordingly, as required by Rule 23(e)(1)(B)(ii), the Court will likely be able to certify the class for purposes of judgment on the proposal.

10.    The Court finds that it has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and all Class Members, including absent Class Members.

11.    The Court appoints named Plaintiff Rafal Lojewski as Class Representative. The Court preliminarily finds that he will fairly and adequately represent and protect the interests of all Class Members, including absent Class Members.

12.    The Court appoints Daniel A. Schlanger of Schlanger Law Group LLP, as Class Counsel. The Court preliminarily finds that he is competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of all Class Members, including absent Class Members.

13.    Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement.

14.    Any Settlement Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Settlement Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

15.    The Court approves American Legal Claims Services, LLC to serve as the Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

16.    Any information comprising or derived from the Notice Database or Class List provided to the Settlement Administrator or Class Counsel pursuant to the Settlement Agreement shall be provided solely for the purpose of providing Notice, or following final approval, Cash Awards, to Class Members and informing such Class Members about their rights under the settlement; shall be kept in strict confidence; shall not be disclosed to any third party other than as set forth in the Settlement Agreement to effectuate the terms of the Agreement or the administration process; shall be used for no other cases; and shall be used for no other purpose.

17.    To the extent that any federal or state law governing the disclosure and use of consumers' financial information (including but not limited to "nonpublic personal information" within the meaning of the Graham–Leach–Bliley Act, 15 U.S.C. § 6801 *et seq.*, and its implementing regulations) permits such disclosure only as required by an order of a court, this Order—

      a.    qualifies as "judicial process" under 15 U.S.C. § 6802(e)(8); and

      b.    authorizes the production of such information subject to this order's protections, in which case the producing party's production of such information in accordance with this Order constitutes compliance with the applicable law's requirements. To the extent that any such law requires a producing or requesting party to give prior notice to the subject of any consumer financial information before disclosure, the Court finds that the limitations in this Order furnish good cause to excuse any such requirement, which the Court hereby excuses.

18.    If the settlement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class, appointment of the Class Representative and Class Counsel shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the settlement might have asserted but for the settlement.

19.    A Final Approval Hearing shall be held before this Court on **February 12, 2026, at 11:00 a.m. in Courtroom 1305 of the Thurgood Marshall United States Courthouse,** to address, among other things: (a) whether the Court should finally certify the Settlement Class and whether the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be

entered; (c) whether the Released Claims of the Settlement Class should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representative's Service Award should be approved; and (e) such other matters as the Court may deem necessary or appropriate.

20.     Papers in support of final approval of the settlement, the Class Representative's Service Award, and Class Counsel's Motion for Attorneys' Fees and Costs shall be filed with the Court according to the schedule set forth in paragraph 38, below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class, except as provided in paragraph 42 below.

21.     After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the Released Claims being settled. The Court may finally approve the settlement at or after the Final Approval Hearing with any modifications agreed to by Defendants and the Class Representative and without further notice to the Settlement Class, except such notice as may be provided through the Settlement Website.

22.     The Court approves, as to form and content, the use of a Long Form Notice and a Short Form Notice (Email/Postcard Notice) (together the "Notice") substantially similar to the forms attached as Exhibits 1 and 2 to the Settlement Agreement, respectively.

23.     Short Form Notice will be emailed to each Settlement Class Member's last known address in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Settlement Administrator shall use the best available databases to obtain current email address information for Settlement Class Members, update its database with these emails, and resend the

Email/Postcard Notice. With regard to any Settlement Class Member for whom the Settlement Administrator is not able to obtain an email address using this process, the Settlement Administrator shall send a postcard through the U.S. Postal Service using a last known address provided by Defendants (subject to cross check against the National Change of Address registry). provided to members of the Class by first-class U.S. mail using Defendants' records as well as other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business.

24.    Mailed Notices shall be mailed within 45 days of the date of entry of this Preliminary Approval Order (the Notice Deadline).

25.    In the event the Mailed Notice is returned undeliverable with a forwarding address, the Settlement Administrator shall promptly re-mail the Mailed Notice to the indicated forwarding address. In the event the Mailed Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall promptly perform reasonable address traces for such returned notices. The Settlement Administrator shall complete the re-mailing of Mailed Notices to those Class Members who were identified as of that time through address traces or forwarding addresses promptly and no later than 35 days from the Notice Deadline.

26.    The Long Form Notice will be posted on the Settlement Website established by the Settlement Administrator, as set forth under the Settlement Agreement, within 45 days of the date of the entry of this Preliminary Approval Order (the Notice Deadline).

27.    Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice provisions.

28.    Except as set forth herein, there shall be no further obligation or attempt to obtain a forwarding address for any such returned mail or to further re-mail any such Mailed Notice or

8

returned mail. Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice re-mailing provisions.

29.    The Settlement Administrator shall have the discretion to revise the format of the Mailed Notice in a reasonable manner to reduce mailing or administrative costs. Non-substantive changes may be made to the Class Notices by agreement of the Parties without further order of the Court.

30.    The Notice, as directed in this Order and set forth in the Settlement Agreement, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

31.    The cost of Notice and settlement administration shall be paid from the Settlement Fund, with recoverable advances provided by Defendants, as provided for in the Settlement Agreement.

32.    Any member of the Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 45 days following the Notice Deadline.

33.    Each request for exclusion, or "Opt-Out", must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Further,

9

to be valid and treated as a successful exclusion or "Opt-Out" the request must include: (a) the Requester's full name, address, and the name and/or case number of this Litigation; and (b) state unequivocally that the Requester desires to be excluded from the Settlement Class, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization. Any such purported exclusion shall be void and the person that is the subject of the purported opt-out shall be treated as a Settlement Class Member and be bound by the Settlement.

34.    Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the settlement or appear at the Final Approval Hearing.

35.    Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed settlement. Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court and mail or hand-deliver to the Settlement Administrator and/or Counsel for the Parties a written and detailed statement of the specific objections made, delivered or postmarked no later than the Objection Deadline. Each Objection must (i) state the case name and/or case number of this Litigation; (ii) set forth the Settlement Class Member's full name, and current address; (iii) contain the objector's original signature; (iv) state that the objector objects to the settlement, in

10

whole or in part; (v) set forth the reasons why the objector objects to the settlement along with copies of any supporting materials; (vi) set forth the identity of any attorney who assisted, provided advice, or represents the objector as to this Litigation or such objection; and (vii) state whether the objector intends on appearing at the Final Approval Hearing either pro se or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

36.     Any Settlement Class Member who fails to timely object in the manner set forth herein shall be deemed to have waived, and shall forever be foreclosed from raising, any objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Litigation.

37.     Pending entry of the Final Approval Order and Judgment, the Plaintiff, Class Members, and any person or entity allegedly acting on behalf of the Settlement Class, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order and the Agreement. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

38.     Further settlement proceedings in this matter shall proceed according to the following schedule:

11

| EVENT | SCHEDULED DATE |
|---|---|
| Notice Deadline (short form Mailed Notice; Long Form website posting) | 30 days after entry of Preliminary Approval Order |
| Attorney's Fees and Costs and Service Award application due by | 60 days after entry of Preliminary Approval Order |
| Last day for Class Members to opt-out of Settlement (the Opt-Out Deadline) | 90 days after the entry of Preliminary Approval Order |
| Last day for Class Members to Object to the Settlement (the Objection Deadline) | 90 days after the entry of Preliminary Approval Order |
| Deadline to file briefs in support of Final Approval or Opposition to any Objections | 14 days prior to the Final Approval Hearing |
| Settlement Administrator to file certification regarding CAFA notice requirements | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | On the date set in paragraph 19, but no earlier than 140 days after entry of Preliminary Approval Order |

39.    Service of all papers on counsel for the Parties shall be made as follows: for settlement Class Counsel to Daniel A. Schlanger, Schlanger Law Group, LLP, 150 Allens Creek Road, Suite 240, Rochester, NY 14618.

40.    The address of this Court for purposes of any Objection as set forth in paragraph 23 is: Clerk of the Court, U.S. District Court for the Southern District of New York, 500 Pearl Street New York, New York, NY 10007.

41.    In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary

12

purpose (including but not limited to class certification), in this Action or any other action. In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

42.     Any deadlines set in this Preliminary Approval Order may be extended, or other aspects of the settlement modified, by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such orders shall be posted by the Settlement Administrator to the Settlement Website that the Settlement Administrator will establish and maintain in accordance with the Agreement. Class Members should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of deadlines, orders entered by the Court and other information regarding the settlement.

43.     The Parties are hereby authorized to establish the means necessary to administer the Settlement.

44.     All proceedings in this Litigation, other than those necessary to carry out, or incidental to carrying out, the terms and conditions of this Order are stayed and suspended until further order of this Court.

45.     The settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Litigation, or of any wrongdoing, liability, or violation by Defendants, which vigorously denies all of the claims and allegations raised in the Litigation.

*[continued on next page]*

It is SO ORDERED.

Date:   September 24, 2025

                                    *Paul A. Engelmayer*

                                    HON. PAUL A. ENGELMAYER
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF NEW YORK