UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAL LOJEWSKI, on behalf of himself and
all others similarly situated,

Plaintiff,

v.                                                        Civil Action No.: 1:22-cv-10816-PAE

GROUP SOLAR USA, LLC, SOLAR MOSAIC,
INC., SALAL CREDIT UNION, and DANIEL
YOMTOBIAN CORP D/B/A SOLAR PROGRAM,

Defendants.

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on the request of Plaintiff Rafal Lojewski and a class

of persons similarly situated (collectively, "Class Members"), without opposition from Defendant

Salal Credit Union ("Salal" or "Defendant"), for final approval of the Settlement Agreement and

Release dated August 29, 2025 (the "Settlement Agreement").

The Fairness Hearing having been held before the Court on the 12th day of February, 2026

and due deliberation having been had thereon, and the Court, having read and considered (i) the

Settlement Agreement and all the papers attached thereto filed by Class Counsel, (ii) the

Memorandum and the declarations submitted in support of Plaintiff's Unopposed Motion for

Attorney's Fees, Costs and Service Award, (iii) the Memorandum and the declarations submitted

in support of the application for entry of this Final Order and Judgment, (iv) the oral arguments of

counsel presented to the Court, and (v) all papers filed and proceedings had herein; and for good

cause appearing, the Court finds the following:

1. On September 24, 2025, the Court preliminarily approved the Settlement, certified this

case as a class action for settlement purposes, appointed a Settlement Administrator, approved

1

Plaintiff as Settlement Class Representative, and approved Plaintiff's attorneys as Class Counsel. ECF 135. The defendant to this action was Salal Credit Union ("Defendant," "Salal"). As set forth in the Preliminary Approval Order, pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class was preliminarily certified for purposes of final settlement:

> **Settlement Class:**
> All individuals who, with regard to a residential property in the State of New York: (1) were provided by Group Solar with a solar panel installation and financing proposal referencing delivery of Welcome Checks; (2) accepted the proposal and entered into a Retail Installment Contract with Group Solar that was assigned to Salal; and (3) as of December 15, 2022, received Welcome Checks in an amount less than the total sum of 12 months' payments owed to Salal pursuant to their respective Retail Installment Contract.

2. Pursuant to the Preliminary Approval Order dated September 24, 2025, Postcard Notice was sent to all 163 Settlement Class Members beginning October 24, 2025, Email Notice was sent to all 158 class members for whom emails could be obtained, and Long-Form Notice was posted on the settlement website established pursuant to the Settlement Agreement.

3. Class Counsel and the Settlement Administrator have reported that no one who received Notice chose to opt out of the class, leaving 163 Settlement Class Members who are parties to this Settlement.

4. Plaintiff now requests, and Defendant does not oppose, final approval of the Settlement.

5. The Court has read and considered the Settlement Agreement, the Motion and Declarations submitted in support thereof, the accompanying documents, and the record.

It is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. **Granting of Motion for Final Approval.** The Parties' Motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

2. **Objections.** There were no objections timely or otherwise to the Settlement Agreement.

2

3. **Notice.** The Court finds that the distribution of the Email and Postcard Notice and posting on the settlement website of the Long-Form Notice, as provided for in the Preliminary Approval Order, accurately informed all Persons within the definition of the Class of the material elements of the Settlement; fully complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances to all Persons within the definition of the Class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4. **Final Approval.** The Court finds that the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly, the Court provides final approval of the Settlement and directs that the Parties implement it, as follows:

A. The parties are directed to implement the settlement in accordance with its terms.

B. There being 163 Settlement Class Members as of the date of this Order, pursuant to the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties, not including the claims of those persons opted out of the Settlement.

5. **Costs.** The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6. **Service Award to Class Representative.** For his efforts on behalf of the Class, the named Plaintiff, Rafal Lojewski, is awarded $6,000.00 in accordance with the Settlement Agreement. This amount shall be paid from the Settlement Fund in the manner and time set forth in the Settlement Agreement.

3

7. **Settlement Payment.** Pursuant to the Settlement Agreement, each member of the Settlement Class who did not opt out of the Settlement shall receive a pro rata share of the Net Settlement Fund in proportion to the amount of their Welcome Check Underpayment, with a minimum payment of $100. No claims process is required; every Settlement Class Member shall automatically receive payment by check, in the amount, manner, and time set forth in the Settlement Agreement.

8. **Settlement Funds.** The Settlement Fund shall consist of the total amount of $415,000, which is non-reversionary. The funds in the Settlement Fund remaining after the expiration date of the last mailed settlement check shall be distributed in a second distribution to Settlement Class Members who cashed checks in the first round, but only if the average check amount in the second distribution would equal or exceed $20.00 after deducting costs. Any remaining residual funds shall be paid on a *cy pres* basis to the Empire Justice Center's Foreclosure Prevention Program, or to another *cy pres* charity chosen by the Court.

9. **Attorneys' Fees.** The Court, having reviewed Class Counsel's contemporaneous time records, disbursement records and supporting Declarations filed on November 24, 2025, and having considered the fact that Defendant does not oppose these fees and costs and that the parties' settlement agreement, including with regard to fees and costs, was reached with the assistance of an experienced outside mediator, hereby approves attorneys' fees in the amount of $138,333.33 and $4,636.92 for costs.

10. **Release and Discharge.** Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

11. **Defendant's Denial of Liability.** The Court notes that Defendant denies any liability to Plaintiff or to any Class Member for any matter whatsoever. Neither the Final Judgment nor

4

Settlement Agreement shall constitute an admission of liability by Defendant of any liability or wrongdoing.

12. **Dismissal of Complaint.** Subject to the reservation of jurisdiction for matters discussed herein, the claims against Defendant Salal Credit Union are hereby dismissed with prejudice.

13. **Jurisdiction.** The Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, including among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

14. **Entry of Judgment.** In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.

So Ordered this 12th day of_____Fdrury_____, 2026.

_____
HON. PAUL A. ENGELMAYER,
UNITED STATES DISTRICT JUDGE

5